**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| TAMARCUS BARNES,            ) | |
|       Plaintiff,            ) | |
| vs.                                      ) | No.  3:14-CV-1969-B-BH |
|                                              ) | |
| FAMILY DOLLAR CORPORATION, ) | |
|       Defendant.            ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this pro se case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be dismissed.

**I. BACKGROUND**

Tamarcus Barnes (Plaintiff) filed suit against Family Dollar Corporation (Defendant) on May 30, 2014. (*See* doc. 3.) On June 16, 2014, and July 16, 2015, he filed amended complaints. (docs. 8, 15.) In his live amended complaint and answers to a magistrate judge's questionnaire, Plaintiff alleges violations of Title II of the Civil Rights Act, public policy, and 42 U.S.C. §§ 1983 and 1985(3), discrimination based on gender and sexual orientation, and intentional infliction of emotional distress. (doc. 15 at 1;[1] doc. 17.[2])

Plaintiff claims he went to a Family Dollar store in Dallas, Texas, on August 23, 2013. (doc. 15 at 1.) He was instructed by the store manager to "leave [his] men's bag at the front of the store or leave [the] store right away," even though female patrons were permitted to carry their purses in the store. (*Id.*) Plaintiff requested the district manager's name and phone number to complain. (*Id.*) He contacted the district manager and was informed that he could carry his bag at any of the district

---

[1]  Citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2]  Plaintiff's answers to the questionnaire constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

manager's stores. (*Id.*) Upon returning to the Dallas store, however, the store manager allegedly yelled and screamed at Plaintiff to leave the store. (*Id.*) Since leaving the store, Plaintiff became "very emotional, stressed, and cried very often." (doc. 17 at 6.) He seeks monetary damages of $1 million and an apology. (*Id.* at 3.)

## II. PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id*.

## III. TITLE II OF THE CIVIL RIGHTS ACT

Plaintiff sues Defendant for violations of Title II of the Civil Rights Act. (docs. 15 at 1-3, 17 at 5.)

2

Title II provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, . . . without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C.A. § 2000a; *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 349 (5th Cir. 2008). Places of "public accommodation" include hotels and other businesses providing "lodging to transient guests," restaurants and other facilities "principally engaged in selling food for consumption on the premises," "place[s] of exhibition or entertainment," and businesses that are located within the premises of a covered establishment. 42 U.S.C.A. § 2000a(b)(1)-(4).

Plaintiff's complaint alleges that he was denied a public accommodation because of his sexual orientation or gender; he does not allege any of the four protected categories identified in Title II of the Civil Rights Act, i.e., race, color, religion, or national origin. He cannot recover against Defendant under § 2000a as matter of law, and his claim under Title II of the Civil Rights Act should be dismissed for failure to state a claim.

### IV. STATUTORY CLAIM FOR GENDER DISCRIMINATION

Plaintiff generally alleges a "statutory claim for gender discrimination" against Defendant for not having allowed him to "shop or obtain services because of [his] sexuality and men's bag." (docs. 15 at 1; 17 at 7.) He fails to identify any specific statute, however. (doc. 17 at 7.) Plaintiff's claim therefore amounts to a mere label or conclusion, which is insufficient to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 555. It should therefore be dismissed for failure to state a claim.

### V. COMMON LAW CLAIM FOR VIOLATIONS OF PUBLIC POLICY

Plaintiff also generally alleges a "common law claim for violations of public policy." (doc.

15 at 1.) He fails to identify the legal and factual basis of his claim and any federal or state law that was violated. (doc. 17 at 8.) Without any basis, his claim amounts to a mere label or conclusion, which is insufficient to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 555. Plaintiff's claim should therefore be dismissed for failure to state a claim.

### VI. SECTION 1983

Plaintiff alleges that Defendant violated his rights and discriminated against him by not having allowed him to shop with his "men's bag" in the store. (doc. 15 at 1.) To the extent that Plaintiff is attempting to raise a claim under 42 U.S.C. § 1983, or to the extent his other claims may liberally construed as arising under § 1983,[3] he also fails to state a claim.

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* A plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

In some circumstances, a private party may be acting "under color of state law" and held liable under § 1983. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). Plaintiff does not allege that Defendant, a private company is a state actor within the meaning of § 1983, or any facts to support a finding that it acted under color of law. Any § 1983 claim should be dismissed for failure to state a claim.

---

[3] Earlier versions of Plaintiff's complaint expressly cited to 42 U.S.C. § 1983 as a basis for his suit. (*See* doc. 3 at 1.) His current amended complaint does not expressly address it, however. (*See* doc. 15.)

4

## VII. SECTION 1985

Plaintiff alleges a violation of 42 U.S.C. § 1985(3). (doc. 17 at 10.)

"Title 42 U.S.C. § 1985, part of the Civil Rights Act of 1871, creates a private civil remedy for three prohibited forms of conspiracy to interfere with civil rights under that section." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 149 (5th Cir. 2010). Subsection 3 prohibits a conspiracy to deprive any person or class of persons of the equal protection of the law, or of equal privileges and immunities under the law. 42 U.S.C. § 1985(3). "To state a claim under § 1985(3), a plaintiff must allege facts demonstrating (1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or a deprivation of any right or privilege of a citizen of the United States." *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010) (citing *Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir.1994)). Additionally, the conspiracy must have a class or race-based animus. *See id.*; *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir. 2001).

Plaintiff has alleged none of the elements of a conspiracy under § 1985, and in particular, he has alleged no facts demonstrating the existence of any alleged conspiracy whose purpose was to deprive him of equal protection of the laws based on racial animus or any other protected characteristic. His § 1985 claim should be dismissed for failure to state a claim.

## VIII. STATE LAW CLAIM

Plaintiff also alleges a state law claim for intentional infliction of emotional distress. (doc. 15 at 1; 17 at 6.)

**A.** **<u>Supplemental Jurisdiction</u>**

Pursuant to § 1367(a), federal courts "have supplemental jurisdiction over all other claims

5

that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In essence, § 1367(a) grants courts the "power to hear a state law claim under pendent or supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact." *McKee v. Texas Star Salon, LLC*, No. CIV.A.3:06–CV–879BH, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007) (citations omitted); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

When all federal claims are dismissed prior to trial, the general rule in this Circuit is for the district court to decline exercising jurisdiction over the remaining state law claims. *Nagy v. George*, No. 3:07–CV–368–K, 2007 WL 2122175, at *10 (N.D. Tex. July 23, 2007), *aff'd*, 286 F. App'x 135 (5th Cir. 2008); *LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986); *see also* 28 U.S.C. § 1367(c)(3).[4] Nonetheless, this rule is "neither mandatory nor absolute." *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (citation omitted). Rather, district courts are given wide discretion in deciding whether to exercise jurisdiction under such circumstances. *See Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir.2000); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also United Mine Workers*, 383 U.S. at 726 ("[P]endent jurisdiction is a doctrine of discretion, not of [a] plaintiff's right."). In determining whether to exercise

---

[4] Under § 1367(c), a court may decline to exercise supplemental jurisdiction over a state claim if:

    (1) the claim raises a novel or complex issue of state law,
    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
    (3) the district court has dismissed all claims over which it has original jurisdiction, or
    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

6

supplemental jurisdiction, courts should consider issues of judicial economy, convenience, and fairness to the litigants. *LaPorte Constr. Co.*, 805 F.2d at 1257; *Nagy*, 2007 WL 2122175, at *10.

Here, the factors weigh in favor of retaining jurisdiction over Plaintiff's state law claim. It arises from the same "common nucleus of operative facts" as his federal claims and can be disposed of promptly. The Court should therefore exercise supplemental jurisdiction over it.

### B.     **Intentional Infliction of Emotion Distress**

Under Texas law, the elements to a infliction of emotional distress claim are: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the plaintiff's emotional distress was severe. *Geske v. Bank of America Home Loans*, No. 3:11–CV–2220–M, 2011 WL 6968317, at *4 (N.D. Tex. Dec. 12, 2011), *adopted by* 2012 WL 75752 (N.D. Tex. Jan. 9, 2012) (citing *Tex. Farm Bureau Mut. Ins. Co. v. Sears*, 84 S.W.3d 604, 610 (Tex. 2002)).

"Whether a defendant's conduct is 'extreme and outrageous' is a question of law." *Id*. (quoting *Bradford v. Vento*, 48 S.W.3d 749, 758 (Tex. 2001)). "The mere fact that a defendant's conduct is tortious or otherwise wrongful does not, standing alone, necessarily render it " 'extreme and outrageous.' " *Bradford*, 48 S.W.3d at 758. Extreme and outrageous behavior by the defendant must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Id*. (quoting *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993)).

Plaintiff's complaint alleges that Defendant's conduct was "extreme and outrageous" because "women were shopping in the store with their purses" and that his "men's bag was no different." (doc. 17 at 6.) Because this allegation is not "so outrageous in character, and so extreme

7

in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society," *Bradford*, 48 S.W.3d at 758 (citation omitted), Plaintiff's claim for intentional infliction of emotional distress should be dismissed for failure to state a claim.

### IX. RECOMMENDATION

Plaintiff's claims should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

**SIGNED** on this **26th day** of **September, 2016**.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE